McLENNAN, P. J.   I dissent upon the ground that the defendant was guilty of negligence in leaving an unguarded hole in the floor of its factory over which the plaintiff and its other employés were accustomed to travel in the ordinary prosecution of their work.   The evidence establishes that, although the plaintiff may have known that the hole existed in the floor, she did not have in mind such palpable and inexcusable defect in her pathway at the time of the accident, and therefore, as it seems to me, she was not chargeable with assumption of risk or with contributory negligence.   At the time of the accident the plaintiff was performing her duty in the ordinary manner.   She went from the place where she was employed over the ordinary route provided by the master to another point in its shop or factory and she fell into a hole in the floor of such route, which was unguarded, and it seems to me that, although she may have known that such hole existed, she was not guilty of negligence because she failed to have it in mind at the time the accident occurred.

It seems to me that the alleged error of the learned trial judge in his charge is not such as to require the reversal of the judgment in this case, and I therefore vote for affirmance.

ROBSON, J., concurs.

---

BAKER v. CITIZENS' TRUST CO. OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department.   March 4, 1910.)

1. LANDLORD AND TENANT (§ 62*)—ESTOPPEL TO DISPUTE TITLE.
    Where a tenant takes possession of the leased premises under his lease, he cannot dispute the title to the lessor or the lessor's rights as landlord, whether the lessor at the time of the lease had the legal title or not.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152–158, 168, 170; Dec. Dig. § 62.*]

2. LANDLORD AND TENANT (§ 63*)—ESTOPPEL TO DISPUTE TITLE—SURRENDER OF PREMISES.
    The estoppel of a tenant to dispute the title of the lessor does not cease by an abandonment of the premises and repudiation of the lease, since to terminate the estoppel the surrender must be a physical surrender at the end of the term, or a surrender accepted by the lessor, which would put an end to the term.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 159–176; Dec. Dig. § 63.*]

3. LANDLORD AND TENANT (§ 68*)—ATTORNMENT—EFFECT.
    Where a tenant attorns to the grantee of the lessor, the effect is to accept the new landlord under the lease, with all its terms and conditions.
    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 68.*]

4. LANDLORD AND TENANT (§ 68*)—CONVEYANCE OF LEASED PREMISES—ATTORNMENT TO GRANTEE.
    Under Real Property Law (Laws 1896, c. 547) § 193, giving grantees of leased premises the same rights as the landlord had, and section 194, making attornment to a stranger void unless with the consent of the landlord, where the leased premises are conveyed successively to two grantees, to each of whom the tenant attorns, and the lease is delivered with the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

veyance in each instance, a valid attornment is made, and the tenant cannot repudiate the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 68.*]

Appeal from Special Term, Kings County.

Action by William H. Baker against the Citizens' Trust Company of Brooklyn. From a judgment for plaintiff, defendant appeals. Affirmed.

The opinion of Justice Blackmar at Special Term is as follows:

Although the evidence is very meager, yet I think it requires the finding of the following facts:

On April 24, 1907, the premises No. 198 Montague street were conveyed to Charles Cooper and Vennette F. Pelletreau. On the same day Cooper and Pelletreau conveyed the premises to the City Real Estate Company. The deed was given as security for a debt due from Cooper and Pelletreau, and under the understanding that the company should convey to nominees of Cooper and Pelletreau when the debt was discharged or the security released. On May 8, 1907, Cooper and Pelletreau by an instrument under seal leased the property to the defendant for a term of 10 years, to commence on the 1st day of August, 1907, at a rental of $7,580 per year payable quarterly. The lease contained a privilege to the lessee to terminate the same on giving a year's notice on or after May 1, 1912, but this clause has no bearing on the controversy before the court. The defendant took possession under the lease at the beginning of the term.

On August 1st the City Real Estate Company, at the request of Cooper and Pelletreau, conveyed the premises to Julia B. Reeve, who held the same for Cooper and Pelletreau, and who on August 2, 1907, at their request, conveyed to Benjamin May and Leo N. Levy. When May and Levy took title, they received the lease in question from Mr. Pelletreau, and thereafter the defendant paid rent under the lease to May and Levy by crediting it to them quarterly on an account which they kept in the defendant bank. On April 3, 1908, May and Levy conveyed the premises to the plaintiff, and handed the lease to him. The defendant was notified of the transfer, and thereafter paid rent to the plaintiff up to and including the quarter ending February 1, 1909. The defendant having abandoned the premises claiming that the lease was not binding on it, this action is brought to recover $1,895.56, being the rent for the quarter beginning February 1, 1909.

Whether the deed given by Cooper and Pelletreau to the City Real Estate Company was a mortgage leaving them the owner of the premises or whether the legal title passed to the company, yet, when the defendant obtained possession under the lease, it could not dispute the title of Cooper and Pelletreau nor their rights as landlords under the lease. The estoppel ceases when the premises are surrendered to the landlord. But I think this means a physical surrender on the expiration of the term or a surrender accepted by the landlord which terminates the term. It does not mean that the tenant may abandon the premises and repudiate the existing obligations of the lease by denying the landlord's title. Jones v. Reilly, 174 N. Y. 97, 66 N. E. 649; Rowland v. Dillingham, 83 App. Div. 156, 82 N. Y. Supp. 470; Melcher v. Kreiser, 28 App. Div. 362, 51 N. Y. Supp. 249; Steuber v. Huber, 107 App. Div. 599, 95 N. Y. Supp. 348. The defendant therefore held as lessee of Cooper and Pelletreau under a lease with a 10-year term, and not as a tenant at will, as its counsel claims.

When the legal title at the request of Cooper and Pelletreau was conveyed through Julia B. Reeve to May and Levy and Mr. Pelletreau handed the lease to them, it evidenced an intent that they should thereafter be entitled to the rent as landlords. And the payment of the rent to May and Levy by the defendant constituted an attornment. Even if May and Levy were strangers in title to Cooper and Pelletreau, the tenant could attorn to them with Cooper and Pelletreau's consent. Section 194, Real Property Law (Laws 1896, c. 547).

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The effect of the attornment was the acceptance of May and Levy as new landlords under the written lease with all its terms and conditions unchanged. Austin v. Ahearne, 61 N. Y. 6. If the lease was valid between May and Levy and the defendant, it follows that it was valid between the plaintiff and the defendant because the defendant attorned to the plaintiff with May and Levy's consent and also by virtue of section 193 of the real property law. It seems to me, also, that the delivery of the lease from Cooper and Pelletreau to May and Levy and from them to the plaintiff under the circumstances was equivalent to an assignment of the rents.

Judgment for plaintiff, with costs. Present findings on or before June 15, 1909.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, JENKS, and BURR, JJ.

Magner & Carew, for appellant.
Arthur S. Luria, for respondent.

PER CURIAM. Judgment affirmed with costs, on the opinion of Mr. Justice Blackmar at Special Term.

---

### In re BESCH.

(Supreme Court, Special Term, Albany County.   March, 1910.)

1. DISCOVERY (§ 36*)—STATUTORY PROVISIONS—GROUNDS AND PURPOSES OF EXAMINATION.
   Code Civ. Proc. §§ 870, 872, authorizing the deposition of a person, who expects to be a party to an action to be brought, to be taken at the instance of the adverse party, etc., authorize the examination of a proposed party before the commencement of the action, to ascertain whether a cause of action exists against other persons, and to ascertain who to make defendants.
   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

2. DISCOVERY (§ 36*)—EXAMINATION BEFORE TRIAL—PERPETUATING TESTIMONY.
   Under Code Civ. Proc. § 872, subd. 6, providing that the affidavit for the examination of a proposed party at the instance of the adverse party must set forth the circumstances requiring the perpetuation of the testimony, etc., a proposed party may be examined before the commencement of the action, for the purpose of perpetuating his testimony.
   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

Application by Joseph Besch for the examination of Horatio M. Pollock as a witness in an expected action. On motion to vacate the order directing the examination. Denied.

Frost, Daring & Warner (J. S. Frost, of counsel), for applicant.
Walter E. Ward, for respondent.

CHESTER, J. The respondent moves to vacate an order, heretofore granted, requiring him to appear before a referee for examination as a witness in an action about to be brought. In the order it is recited that an action is about to be brought against him, and that his examination is to preserve his testimony, and to ascertain the name

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
121 N.Y.S.—49